# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| TROY STACY ENTERPRISES INC., individually and on behalf of all others similarly situated, | Judge: Matthew W. McFarland |
| Plaintiff, | Civil Action No. 1:20-cv-00312-MWM |
| v. | |
| THE CINCINNATI INSURANCE COMPANY, | |
| Defendant. | |
| | |
| TASTE OF BELGIUM LLC, individually and on behalf of all others similarly situated, | Judge: Matthew W. McFarland |
| Plaintiff, | Civil Action No. 1:20-cv-00357-MWM |
| v. | |
| THE CINCINNATI INSURANCE COMPANY, THE CINCINNATI CASUALTY COMPANY, THE CINCINNATI IDEMNITY COMPANY, AND CINCINNATI FINANCIAL CORPORATION, | |
| Defendants. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
<u>**MOTION TO CONSOLIDATE**</u>

| | |
|---|---|
| SWEARINGEN SMILES LLC AND ELEISHA J. NICKOLES DDS, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>THE CINCINNATI INSURANCE COMPANY, THE CINCINNATI CASUALTY COMPANY, AND THE CINCINNATI INDEMNITY COMPANY,<br><br>     Defendants. | Judge: Matthew W. McFarland<br><br>Civil Action No. 1:20-cv-00517-MWM |
| REEDS JEWELERS OF NIAGARA FALLS, INC., individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>CINCINNATI INSURANCE COMPANY,<br><br>     Defendant. | Judge: Matthew W. McFarland<br><br>Civil Action No. 1:20-cv-00649-MWM |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF<br>MOTION TO CONSOLIDATE**

Plaintiff Troy Stacy Enterprises Inc. ("Troy Stacy"), individually and on behalf of the other members of the proposed nationwide class (collectively, the "Class"), submits this Memorandum of Law in Support of its Motion to Consolidate class actions pending against Defendant The Cincinnati Insurance Company ("Cincinnati"), pursuant to Federal Rule of Civil Procedure 42(a).

I.  **STATEMENT OF FACTS**

On April 19, 2020, Troy Stacy filed a class action lawsuit against Cincinnati in this Court. *See Troy Stacy Enterprises Inc. v. The Cincinnati Insurance Company*, No. 1:20-cv-00312-MWM, Dkt. No. 1 (S.D. Ohio April 19, 2020). On June 22, 2020, Troy Stacy amended its Complaint. *See id.* at Dkt. No. 9. The Amended Complaint asserts claims for breach of contract and declaratory relief on behalf of nationwide classes under the business income, civil authority, extra expense, and sue and labor coverage provisions of Cincinnati's Building and Personal Property Coverage Form (Form No. FM 101 05 16). *Id.* at ¶¶ 8-12. The Amended Complaint alleges losses caused by the COVID-19 pandemic and resultant closure orders issued by local, state, and federal authorities triggered coverage under these provisions in Troy Stacy's and Class Members' all-risk property insurance policies issued by Cincinnati. *Id.* at ¶¶ 21, 26-27. On July 1, 2020, Cincinnati filed a motion to dismiss the Amended Complaint in the *Troy Stacy* matter, which is presently pending. *See Troy Stacy*, Dkt. No. 13.

On May 5, 2020, Plaintiff Taste of Belgium LLC ("Taste of Belgium") filed a class action lawsuit against Cincinnati in this Court. *See Taste of Belgium LLC v. The Cincinnati Insurance Company, et al.*, No. 1:20-cv-00357-MWM, Dkt. No. 1 (S.D. Ohio May 5, 2020). On July 23, 2020, Taste of Belgium amended its Complaint. *See Taste of Belgium*, Dkt. No. 11. Like the Amended Complaint in the *Troy Stacy* action, the claims allege coverage under the business income, civil authority, and extra expense coverage for business interruption losses under all-risk property insurance policies issued by Cincinnati, arising from the COVID-19 pandemic and resultant closure orders. *See id.* Taste of Belgium's claims arise from the same insurance policy form at issue in *Troy Stacy*, Cincinnati's Building and Personal Property Coverage Form (Form No. FM 101 05 16). *Id.* at ¶¶ 22-25. Like in *Troy Stacy*, the Amended Complaint asserts claims

3

for breach of contract and declaratory judgment. *See id.* at ¶¶ 61-79. The Amended Complaint also asserts a claim for violation of Ohio's Deceptive Trade Practices Act on behalf of an Ohio subclass. *See id.* at ¶¶ 80-86. On August 6, 2020, Cincinnati filed a substantially similar motion to dismiss to the motion filed in the *Troy Stacy* action, which is presently pending. *See Taste of Belgium*, Dkt. No. 16.

On July 2, 2020, Plaintiffs Swearingen Smiles LLC and Eleisha J. Nickoles DDS (collectively, the "*Swearingen* Plaintiffs") filed a class action lawsuit against Cincinnati in this Court. *See Swearingen Smiles LLC v. The Cincinnati Insurance Company*, No. 1:20-cv-00517-MWM (S.D. Ohio July 2, 2020). On August 20, 2020, the *Swearingen* Plaintiffs amended their Complaint. *Swearingen*, Dkt. No. 8. Like the Amended Complaints in the *Troy Stacy* and *Taste of Belgium* actions, the claims allege coverage under the business income, civil authority, and extra expense coverage for business interruption losses under all-risk property insurance policies issued by Cincinnati, arising from the COVID-19 pandemic and resultant closure orders. *See id.* The *Swearingen* Plaintiffs' claims arise from the same insurance policy form at issue in *Troy Stacy* and *Taste of Belgium*, Cincinnati's Building and Personal Property Coverage Form (Form No. FM 101 05 16). *Id.* at ¶ 30. Like in *Troy Stacy* and *Taste of Belgium*, the Amended Complaint asserts claims for breach of contract and declaratory judgment. *See id.* at ¶¶ 89-109. On September 3, 2020, Cincinnati filed a substantially similar motion to dismiss to the motions filed in the *Troy Stacy* and *Taste of Belgium* actions, which is presently pending. *See Swearingen*, Dkt. No. 10.

On August 21, 2020, Plaintiff Reeds Jewelers of Niagara Falls, Inc. ("Reeds Jewelers") filed a class action lawsuit against Cincinnati in this Court. *See Reeds Jewelers of Niagara Falls, Inc. v. Cincinnati Insurance Company*, No. 1:20-cv-00649-MWM (S.D. Ohio Aug. 21, 2020). Like the Amended Complaints in the *Troy Stacy*, *Taste of Belgium*, and *Swearingen* actions, the

claims allege coverage under the business income, civil authority, and extra expense coverage for business interruption losses under all-risk property insurance policies issued by Cincinnati, arising from the COVID-19 pandemic and resultant closure orders. *See Reeds Jewelers*, Dkt. No. 1 at ¶ 18. Reeds Jewelers' claims arise from the same insurance policy form at issue in *Troy Stacy*, *Taste of Belgium*, and *Swearingen*, Cincinnati's Building and Personal Property Coverage Form (Form No. FM 101 05 16). *See id.* at ¶ 81. Like in *Troy Stacy*, *Taste of Belgium*, and *Swearingen*, the Complaint asserts claims for breach of contract and declaratory judgment on behalf of a nationwide class. *See id.* at ¶¶ 92-133. The Complaint also asserts claims for breach of the implied covenant of good faith and fair dealing on behalf of a New York subclass. *See id.* at ¶¶ 134-147. On October 6, 2020, Cincinnati filed a substantially similar motion to dismiss to the motions filed in the *Troy Stacy*, *Taste of Belgium*, and *Swearingen* actions, which is presently pending. *See Reeds Jewelers*, Dkt. No. 14.

## II. ARGUMENT

Federal Rule of Civil Procedure 42(a) provides, in relevant part, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). Rule 42(a) "is a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 502-03 (S.D. Ohio 1995) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). The Sixth Circuit has recognized that Rule 42(a) is designed to "administer the court's business with expedition and economy while providing justice to the parties." *Roxane Laboratories, Inc. v. Abbott Laboratories*, No. 2:12-cv-312, 2013 WL 5217571,

at *2 (S.D. Ohio Sept. 16, 2013) (quoting *Advey v. Celotex Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992)).

The court may consolidate any actions that are "before the court" and involve at least one "common question of law or fact." *See* Fed. R. Civ. P. 42; *see also Roxane Laboratories*, 2013 WL 5217571, at *2. The court need not find that common questions of law or fact predominate, only that they exist and that consolidation will prove beneficial. *Roxane Laboratories*, 2013 WL 5217571, at *2-3. When at least one common question of law or fact is present, the decision to consolidate rests in the sound discretion of the trial court. *Id.* at *3. In determining whether to consolidate, the court should also consider:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudication of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (quoting *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993)). Courts across the country, including courts in this District, regularly consolidate cases involving insurance disputes arising out of the same underlying facts. *See, e.g.*, *K.R. Enterprises, Inc. v. Ohio Security Insurance Company*, No. 1:18-01347, 2019 WL 8723171 (S.D. W. Va. Feb. 1, 2019); *Earwood v. Essex Ins. Co.*, No. 1:15-CV-4433-SCJ, 2016 WL 9000041, at *1 (N.D. Ga. Oct. 12, 2016); *RLI Insurance Company v. Fifth Third Bancorp*, No. 1:14-cv-802, 2015 WL 13021894, at *1-2 (S.D. Ohio Feb. 18, 2015); *Owners Ins. Co. v. Dorsey*, No. 3:14-cv-01009, 2015 WL 13203448, at *2 (S.D. Ill. July 23, 2015).

Here, consolidation is appropriate because each of the *Troy Stacy*, *Taste of Belgium*, *Swearingen*, and *Reeds Jewelers* cases turn on whether Cincinnati[1] is obligated to pay under their

---

[1] Although the *Taste of Belgium* and *Swearingen* actions also name affiliates of Cincinnati as Defendants, including The Cincinnati Casualty Company, The Cincinnati Indemnity Company, and Cincinnati Financial

6

policies for business interruption losses arising from the COVID-19 pandemic and the resultant closure orders such that the cases involve common questions of law and fact. All cases involve substantially the same Cincinnati policy forms and provisions, including the business income, civil authority, and extra expense coverage provisions in Cincinnati's Building and Personal Property Coverage Form (Form No. FM 101 05 16).[2] *Troy Stacy*, Dkt. No. 9 at ¶¶ 8-12; *Taste of Belgium*, Dkt. No. 11 at ¶¶ 22-25; *Swearingen*, Dkt. No. 8 at ¶ 30; *Reeds Jewelers*, Dkt. No. 1 at ¶¶ 18, 81. Additionally, all four complaints contain many of the same factual allegations regarding the COVID-19 pandemic, the requirements for coverage under the policies, the effect of the pandemic and closure orders on their businesses, class allegations, and how coverage was triggered. *Compare Troy Stacy*, Dkt. No. 9 *with Taste of Belgium*, Dkt. No. 11, *Swearingen*, Dkt. No. 8, and *Reeds Jewelers*, Dkt. No. 1.

Also, duplicate claims in all four actions support consolidation. In all cases, Plaintiffs allege breach of contract and declaratory judgment claims on behalf of themselves and Cincinnati policyholders with business income, civil authority, extra expense, and/or sue and labor coverage. *Troy Stacy*, Dkt. No. 9 at ¶¶ 52-114; *Taste of Belgium*, Dkt. No. 11 at ¶¶ 61-79; *Swearingen*, Dkt.

---

Corporation, this does not weigh against Consolidation. *See Dudenhoeffer v. Fifth Third Bancorp*, No. 1:08-CV-538, 2009 WL 10678974, at *2 (S.D. Ohio March 16, 2009) ("Consolidation may be ordered even though the cases involve different claims, different parties, and cover different class periods."). These and other minor differences among the complaints can be resolved by the filing of a consolidated amended complaint. Further, the proper party defendant(s) will be identified during discovery.

[2] Plaintiff Troy Stacy also asserts claims for sue and labor coverage. This slight difference, however, does not weigh against consolidation. *See Dudenhoeffer*, 2009 WL 10678974, at *2. Such coverage arises out of the same facts and interpretation of the same policy form. Where, as here, substantial resources of the parties and the court will be saved by consolidation, only one common question of law or fact is required. *See State of Ohio ex rel. Montgomery*, 163 F.R.D. at 503 ("The only requirement in order to consolidate claims for trial is . . . common question[s] of law [and fact]."); *see also* Federal Practice & Procedure § 2384 (3d ed. 2008) ("Consolidation is not barred simply because plaintiffs may be relying on different legal theories or because there are some questions that are not common to all the actions; the critical consideration, as in other contexts under the Federal Rules, is whether there is at least one common question of law or fact to justify bringing the actions together[.]"). Again, any minor differences between the claims alleged in the complaints can be resolved by the filing of a consolidated amended complaint.

No. 8 at ¶¶ 89-109; *Reeds Jewelers*, Dkt. No. 1 at ¶¶ 92-133. The claims will involve similar factual discovery and legal issues because they arise out of the same form policies. All actions involve "claims regarding the parties' rights and responsibilities under the insurance policy" such that consolidating the cases is more efficient than litigating each individually. *See Dudenhoeffer*, 2009 WL 10678974, at *3 (consolidating cases involving different causes of action); *see also Kehoe Component Sales, Inc. v. Best Lighting Productions, Inc.*, No. 2:08-cv-752, 2011 WL 1740969, at *2 (S.D. Ohio May 2, 2011) (consolidating cases with overlap of claims). In short, Plaintiffs in all cases under all legal claims alleged will seek to demonstrate that business interruption coverage exists under the relevant contract provisions.

In addition to the overlapping factual allegations and the common issue of Cincinnati's obligation to pay for Plaintiffs and the other Class members' business interruption losses, cost effectiveness and judicial efficiency favor consolidation. All of the cases are early in their dispositions and are in substantially similar procedural postures such that consolidation now will conserve all parties' resources, including discovery costs. Indeed, if the cases were to proceed individually, Plaintiffs in all matters will likely seek many of the same documents from Cincinnati and will seek to depose many of the same Cincinnati employees and affiliates. As such, duplicative discovery and unnecessary expenses that would be borne by all parties involved can be avoided by consolidating the actions at this early stage of all cases. Importantly, judicial resources would be saved and potential inconsistent rulings could be avoided by adjudicating four cases at once. Therefore, consolidation of the *Troy Stacy*, *Taste of Belgium*, *Swearingen*, and *Reeds Jewelers* actions is appropriate.

8

## III. CONCLUSION

For the foregoing reasons, Plaintiff Troy Stacy respectfully requests that this Court grant the Motion to Consolidate the *Taste of Belgium LLC v. The Cincinnati Insurance Company, et al.*, No. 1:20-cv-00357-MWM, *Swearingen Smiles LLC, et al. v. The Cincinnati Insurance Company, et al.*, No. 1:20-cv-00517-MWM, and *Reeds Jewelers of Niagara Falls, Inc. v. Cincinnati Insurance Company*, No. 1:20-cv-00649 actions into the first-filed *Troy Stacy Enterprises Inc. v. The Cincinnati Insurance Company*, No. 1:20-cv-00312-MWM action, re-caption the matter as *Troy Stacy Enterprises Inc., et al. v. The Cincinnati Insurance Company, et al.*, and for such other and further relief as set forth in the proposed order submitted contemporaneously herewith.

Dated: October 15, 2020

    Respectfully submitted,

*/s/ Adam J. Levitt*
Adam J. Levitt
Amy E. Keller*
Daniel R. Ferri*
Mark Hamill*
Laura E. Reasons*
**DıCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Telephone:  312-214-7900
alevitt@dicellolevitt.com
akeller@dicellolevitt.com
dferri@dicellolevitt.com
mhamill@dicellolevitt.com
lreasons@dicellolevitt.com

Mark Lanier*
Alex Brown*
Skip McBride*
**THE LANIER LAW FIRM PC**
10940 West Sam Houston Parkway North
Suite 100
Houston, Texas  77064
Telephone:  713-659-5200

9

WML@lanierlawfirm.com
alex.brown@lanierlawfirm.com
skip.mcbride@lanierlawfirm.com

Timothy W. Burns
Jeff J. Bowen*
Jesse J. Bair*
Freya K. Bowen*
**BURNS BOWEN BAIR LLP**
One South Pinckney Street, Suite 930
Madison, Wisconsin 53703
Telephone: 608-286-2302
tburns@bbblawllp.com
jbowen@bbblawllp.com
jbair@bbblawllp.com
fbowen@bbblawllp.com

*Plaintiff's Proposed Interim Class Counsel*

*/s/ Kenneth P. Abbarno*
Mark A. DiCello
Kenneth P. Abbarno
Mark Abramowitz
**DiCELLO LEVITT GUTZLER LLC**
7556 Mentor Avenue
Mentor, Ohio  44060
Telephone: (440) 953-8888
madicello@dicellolevitt.com
kabbarno@dicellolevitt.com
mabramowitz@dicellolevitt.com

Douglas Daniels*
**DANIELS & TREDENNICK**
6363 Woodway, Suite 700
Houston, Texas  77057
Telephone:  (713) 917-0024
douglas.daniels@dtlawyers.com

*Additional Counsel for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically using the Court's CM/ECF service, which will send notification of such filing to all counsel of record on this 15th day October 2020.

*/s/ Kenneth P. Abbarno*
Kenneth P. Abbarno
**DiCELLO LEVITT GUTZLER LLC**