## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| TROY STACY ENTERPRISES INC., individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE CINCINNATI INSURANCE COMPANY,<br><br>　　　　　　　　　Defendant. | Judge: Matthew W. McFarland<br><br>Civil Action No. 1:20-cv-00312 |

### [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)

Upon consideration of Plaintiff Troy Stacy Enterprises Inc.'s Motion to Appoint Interim Co-Lead Class Counsel, pursuant to Fed. R. Civ. P. 23(g), the Motion is granted for the reasons stated herein.

**IT IS HEREBY ORDERED THAT:**

1. **Applicability of Order**

This Order shall govern the practice and procedure before this Court regarding *Troy Stacy Enterprises Inc. v. The Cincinnati Insurance Company* (No. 1:20-cv-00312) (the "Litigation").

2. **Cooperation Among Defendant and Plaintiff**

The Court recognizes that this Litigation likely may present geographic, personnel, expense, and other operational challenges and concerns for the litigants and counsel. Therefore, to the extent practical and proper, the Court will encourage and entertain proposals from counsel throughout this Litigation that will advance the causes of courtesy, efficiency, and economy, in keeping with Federal Rule of Civil Procedure 1's dictate "to secure the just, speedy, and inexpensive determination of every action and proceeding."

3. **General Responsibilities of Counsel**

Counsel are expected to familiarize themselves with the Manual for Complex Litigation, Fourth ("MCL 4th"), so that they may suggest procedures that will facilitate the "just, speedy, and inexpensive determination" of this Litigation. *See* Fed. R. Civ. P. 1. These procedures include, but are not limited to, structure and timing of discovery plans, amendments of pleadings, pretrial consideration of substantive issues, communications, and the like. Counsel are also required to review and familiarize themselves with the Local Rules for the Southern District of Ohio.

4. **Interim Co-Lead Class Counsel**

The Court hereby appoints W. Mark Lanier of The Lanier Law Firm, Adam J. Levitt of DiCello Levitt Gutzler LLC, and Timothy W. Burns of Burns Bowen Bair LLP as Interim Co-Lead Class Counsel, based upon the following criteria: (1) knowledge and experience in prosecuting complex litigation, including class actions; (2) willingness and ability to commit to a time-consuming process; (3) the ability to work cooperatively with others; and (4) access to sufficient resources to prosecute the litigation in a timely manner.

Duties of Plaintiff's Interim Co-Lead Class Counsel. Plaintiff's Interim Co-Lead Class Counsel shall be responsible for performing work to advance the litigation for the common benefit of Plaintiff and the other Class members in this Action. Such work will include, but is not limited to, pretrial law and motion practice, class certification briefing, organizing, coordinating, taking discovery, and trying the actions. Plaintiff's Interim Co-Lead Class Counsel's responsibilities in the conduct of this litigation shall include the following:

(a) Brief and argue motions and file opposing briefs in proceedings initiated by other parties;

(b) Initiate, coordinate, organize, and conduct all discovery on behalf of Plaintiff and

the other Class members consistent with Fed. R. Civ. P. 26, including preparing interrogatories and requests for production of documents and examining witnesses in depositions;

      (c)      Conduct pre-trial, trial, and post-trial proceedings;

      (d)      Fund the necessary and appropriate costs of discovery and other common benefit efforts, and make appropriate assessments to fund such costs of Plaintiff's counsel;

      (e)      Consult with and employ experts, as necessary;

      (f)      Encourage cooperation and efficiency among all counsel;

      (g)      Call meetings of Plaintiff's counsel, when appropriate;

      (h)      Make appropriate work assignments to Plaintiff's counsel;

      (i)      Monitor the activities of all Plaintiff's counsel to ensure that the litigation is conducted effectively, orderly, efficiently, and economically, that schedules are met, and that unnecessary, duplicative, or unproductive expenditures of time and expense are avoided;

      (j)      Negotiate with defense counsel with respect to settlement and/or other ADR efforts, if and as appropriate;

      (k)      Request that the Court approve any proposed settlement and fee petition;

      (l)      Evaluate all work assigned to other Plaintiff's counsel in this litigation and allocate and distribute any fees awarded in this litigation to all such counsel in amounts that reflect their relative contributions to the litigation, as solely determined by Interim Co-Lead Class Counsel;

      (m)      Maintain adequate time and disbursement records covering services as designated counsel;

      (n)      Present all matters of common concern to Plaintiff and the other Class members;

      (o)      Perform such other duties and undertake such other responsibilities as they deem necessary or desirable, or as authorized by further order of the Court; and

(p) Coordinate and communicate with Defendant's counsel with respect to matters addressed in this paragraph.

Ordered this _____ day of _____, 2020,

_____
MATTHEW W. MCFARLAND
UNITED STATES DISTRICT JUDGE